## Case No. 13,819.

TEESE et al. v. PHELPS et al.

[McAll. 48.] [1]

Circuit Court. N. D. California.   July Term, 1855.

PATENTS — CONSTRUCTION OF SPECIFICATIONS — NOVELTY—EQUIVALENTS—INVENTION— MECHANICAL SKILL.

1. The construction of the specification in an application for a patent, so far as the language is concerned, is a question for the court.

[Cited in Van Antwerp v. Hulburd, Case No. 16,827.]

2. The application of the facts to the law is for the jury.

3. The clearness the law requires in a specification is such as will distinguish the thing patented from all others previously known, and which will enable a person skilled in the art of which it is a branch, to construct the thing specified.

4. The production of the patent is prima facie evidence of novelty.

[Cited in Whitcomb v. Spring Val. Coal Co., 47 Fed. 655.]

5. If the idea involved in the patented article has occurred to others, if that idea has not been embodied in a practical form, it will not disprove novelty.

6. If the article produced be substantially the same with the one patented, with variations in form only, or where a new and substantial result is not produced, such cannot affect the right of plaintiff.

7. If there be invention, to whatever extent, it is sufficient.

8. If the process required no more skill than that possessed by an ordinary mechanic skilled in the business, there is an absence of inventive faculty, and only the exercise of mechanical skill.

This was an action at law brought to recover damages for the infringement of a patent; and the following instructions were given to the jury:

McALLISTER, Circuit Judge. To sustain this action, the plaintiff must establish: (1) That the improvement he claims was properly explained in the specification which accompanied his application to the patent-office. (2) That such improvement is useful and novel, and that he was the first and original inventor. (3) He must establish by proof the infringement of his patent, and the

---

[1] [Reported by Cutler McAllister, Esq.]

actual damages incurred by reason thereof.

As to the specification,—so far as the construction of the written words of that document is concerned, it is a question for the court. The application of the facts to the specification as construed by the court, is an inquiry you are to make. On this point I instruct you that the clearness the law requires in a specification must be, such as will distinguish the thing patented from all others previously known, and which will enable a person skilled in the art or science of which it is a branch, or with which it is nearly connected, to construct the thing specified. The testimony is before you on this point, especially that of John Kittedge, which you will apply to it. The utility of the improvement claimed has been admitted; but its novelty is disputed. The rules that are to control you in deciding on this fact are these: The production of the patent is prima facie evidence of the novelty of the thing patented; and the production of it imposes upon the defendant the duty of proving that the patentee was not the first inventor. In the investigation of the testimony invoked by defendant to negative this prima facie evidence, you will carry with you for your instruction the following rules: (1) Should you conclude that the idea of the improvement claimed in this case had occurred to others, few or many, still, if that idea has not been embodied in some practical form, the existence of that idea will not disprove the novelty of the improvement. (2) If you should conclude that the idea of this improvement, and hints concerning it, had come to the patentee from others, still, if the patentee was the first who gave to that idea a useful and practical form, his rights are not to be defeated.

The next point is the infringement. This is where the article constructed and produced in evidence is substantially the same with the one patented, the variations being in form and not in substance; or where a new and substantial result is not produced by such variation. Such will not affect the right of plaintiffs. Gray v. James [Case No. 5,718]. Before directing your attention to the damages, I desire you to look to the evidence in this case tending to show an abandonment by plaintiffs, and whether the improvement patented is patentable. Prior to the act of congress of March 3, 1839 (5 Stat. 353), if the patentee had allowed the public use of his invention, or the free use of it to individuals, before he applied for his patent, it would invalidate the patent. Such is no longer the law; and the use of his invention by individuals, unless it had continued more than two years prior to the obtainment of his patent, will not invalidate it. Curt. Pat. §§ 58, 307. This, although the use of it was with permission of the patentee. If, on the contrary, the use is without his consent, it is a trespass upon his rights, unless such use was so frequent, public, and notorious,

and was continued so long a time and attended by such circumstances as raised a conclusion that the party had abandoned his right. Curt. Pat. § 308; Pierson v. Eagle Screw Co. [Case No. 11,156]; Wyeth v. Stone [Id. 18,107].

Is the improvement claimed patentable? On this point, you will observe that the claim is for a new combination of the flat-bottomed tines of the fork with the sharp, angular formation of the upper sides of the tines. It is claimed that, by this combination, a novel and useful result has been obtained. If such result has been obtained, neither the simplicity of the structure nor the greater or less amount of invention or intellect employed as an element, are of importance in determining the validity of the patent. The distinction is, that where there is a mere application of an old thing to a new use, it is not patentable; but where there is exhibited an inventive faculty in the process, it is. Curt. Pat. §§ 11, 12. To illustrate: In one case, a claim was made for an improvement in making a mold-board to a plow, by which the molding part, or face of the mold-board, was made to work in circular lines instead of straight lines; by which it was claimed that every part of the furrow-sluice was embraced far more than by any other shaped plow, &c. The court say, "that if by changing the form and proportion a new effect is produced, there is not simply a change of form and proportion, but a change of principle also. In every case, therefore, the question must be submitted to the jury whether change of form and proportion has produced a different effect." Davis v. Palmer [Case No. 3,645]. In another case, a claim was made for an improvement in making friction-matches, by means of a new compound; and it was in proof that all the ingredients had been in use before. The court say, "The question is, had the materials been in the same combination? if not, it was patentable, however simple it might be." Ryan v. Goodwin [Id. 12,186]. In another case, the arrangement of bowed flyers in a fly-frame in two rows, was held to be patentable, although open-bottomed flyers had been previously arranged in the same way in one row. Davoll v. Brown [Id. 3,662].

Thus much as to the amount of invention required. I will now direct your attention to one or two cases where the patents were decided to be invalid on the ground that the improvement claimed was an application and not an invention. A claim was made for an improvement, being a new mode by which the back of a rocking-chair could be reclined and fixed at any angle required, by means of an apparatus; and the patent was declared void because the same apparatus had been long in use, and applied to other machines, if not to chairs. Bean v. Smallwood [Case No. 1,173]; Hovey v. Stevens [Id. 6,745]. In Hotchkiss v. Greenwood, 11 How.

[52 U. S.] 248, 265, the claim was for an improvement in making door and all other knobs of all kinds of clay used in pottery, and of porcelain, in having "the cavity in which the screw or shank is inserted, by which they are fastened, largest at the bottom of its depth, in the form of a dovetail, and a screw formed therein by pouring in metal in a fused state." The patent was deemed invalid for want of invention.

Upon this question of invention, it is proper you should have some general rule, to control you while acting upon the evidence in the case which refers to it; and I instruct you that, if the flattening of the bottom of the tines of the fork is a process which, in your opinion, required no more skill or ingenuity than that possessed by an ordinary mechanic skilled in the business, the patent is invalid. If, on the other hand, there was an exhibition of inventive faculty beyond the skill of a capable mechanic, the patent is good.

As to the damages. The statute gives actual damages sustained by the plaintiffs; the power to inflict a greater amount is committed to the discretion of the court, within the limit of trebling the actual damages found by the jury. If the plaintiff has given you sufficient testimony to enable you to find the damages incurred by him, by sales made of the article constructed by defendant, that will constitute a correct basis on which you can act. If none such has been given to you, your attention must be directed to such other items which he has proved. The damages in actions similar to the present, must not be conjectural, but actual.

With foregoing views of the legal principles which should control you in your deliberations, I leave with you the facts for your adjudication.

Verdict for plaintiffs for the sum of $800.